IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MAJESTI WILLIAMS, | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | Case No. A-17-CR-0021-LY |
| | § | A-19-CV-0080-LY-SH |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| *Respondent* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before this Court are Majesti Williams' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. No. 59); the Government's Response to Movant's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No 68); Williams' Motions for Bench Warrants (Dkt. Nos. 63 and 73); and Williams' Motion for Appointment of Counsel (Dkt. No. 70). On July 17, 2019, the District Court referred the above motions to the undersigned Magistrate Judge for Report and Recommendation on all case-dispositive motions and resolution of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I. BACKGROUND

On January 17, 2017, Majesti Williams was indicted on the sole count of Escape for knowingly escaping "from custody at the Austin Transitional Center an institutional facility in which she was lawfully confined at the direction of the Attorney General by virtue of a judgment and commitment of the United States District Court for the Western District of Texas upon conviction on two counts of Use and Possession of Fraudulent Identification Documents in violation of 18 U.S.C. § 1028,

in violation of 18 U.S.C. § 751." Dkt. No. 6. On February 14, 2017, Williams pled guilty before United States Magistrate Judge Mark Lane to Escape, pursuant to a Plea Agreement. Dkt. No. 26. As part of her Plea Agreement, Williams agreed to waive her right to appeal her sentence on any ground "except in a case in which the sentence imposed by the Court is greater than the maximum sentence authorized by statute." Dkt. No. 25 at p. 5. In addition, Williams agreed to waive her right to file a § 2255 motion except to challenge her sentence due to ineffective assistance of counsel or prosecutorial misconduct. *Id.*

On May 2, 2017, the District Court sentenced Williams to 24 months imprisonment "as to count 1 *to run consecutive* to Docket No. 1:13-CR-06(1)LY and Bell County Cause No. 75183," three years of supervised release, and a $100 special assessment fee. Dkt. No. 40 at p. 2 (emphasis added). Williams filed a direct appeal of her conviction and sentence, which the Fifth Circuit dismissed on October 11, 2017. Dkt. No. 52. The United States Supreme Court denied her petition for certiorari on February 22, 2018. Dkt. No. 55.

On January 30, 2019, Williams filed the instant § 2255 Motion, alleging that (1) she was denied effective assistance of counsel because her attorney failed to object to the number of criminal history points assessed against her in the Presentence Investigation Report ("PSR"), and (2) there is an incorrect factual basis for her plea because during her guilty plea proceeding, Judge Lane incorrectly stated that she was pleading guilty to "four cases," when she was pleading guilty to only one case. Both claims are meritless.

## II. STANDARD OF REVIEW

Under § 2255, four general grounds exist on which a defendant may move to vacate, set aside, or correct his or her sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the

sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). If the error is not of constitutional or jurisdictional magnitude, the movant must show that it could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). A defendant's claim of ineffective assistance of counsel gives rise to a constitutional issue and is cognizable pursuant to § 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

### III.    ANALYSIS

**A. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a petitioner must show that her counsel's performance was deficient and that the deficiency prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. To demonstrate

3

the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-13 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997)).

As noted, Williams alleges that her defense attorney, Horatio Aldredge, was ineffective because he failed to object to the number of criminal history points assessed against her in the PSR. Williams is mistaken. While Williams initially raised the issue of her criminal history point calculations in a letter to the District Court, Mr. Aldredge in fact did file objections to the initial PSR based on the criminal history point calculations. *See* Tr. of Motion Hearing on April 28, 2017, Dkt. No. 68 at p. 6. The United States Probation Office ("USPO") agreed, and reduced Williams' criminal history points by two points. Dkt. No. 38 at p. 23. As Judge Lane explained to Williams at the hearing, however, "the probation office took out some of the criminal history points, but you still have 13 criminal history points which puts you in Category 6, the highest category." Dkt. No. 68 at p. 4. Thus, Williams' criminal history point total was reduced, but it did not affect the guideline range calculation. Dkt. No. 38 at p. 23. Accordingly, Williams' criminal history score was 24, which established a criminal history category of VI. Dkt. No. 38 at p. 13.

At Williams' Sentencing Hearing on May 6, 2017, Mr. Aldredge argued to the District Court that Williams' criminal history points should be reduced because one of the offenses listed in PSR should not have been used in the calculation. Tr. of Sentencing Hearing, Dkt. No. 47 at p. 10. Mr. Aldredge also argued that Williams should be sentenced at the low end of the Sentencing

Guidelines, and that her sentence should run concurrently with her previous sentences. *Id.* at p. 7-8. The District Court ultimately sentenced Williams outside the guideline range and varied downward, sentencing Williams to 24 months imprisonment, although the District Court did reject Mr. Aldredge's argument that her sentences should run concurrently.

Williams has failed to demonstrate that she was denied the effective assistance of counsel. Contrary to Williams' allegations, Mr. Aldredge made numerous objections to the PSR, and her criminal history points were properly adjusted. The fact that the District Court did not sustain all of defense counsel's objections does not mean that defense counsel was ineffective. *United States v. Porter*, 2019 WL 5684261, at *3 (E.D. La. Nov. 1, 2019) ("The fact that Defendant's counsel was unsuccessful in his argument does not render his assistance constitutionally ineffective.").

In addition, any argument that defense counsel should have made further objections to the criminal history calculation fails because, as discussed on the record at Williams' Sentencing Hearing, the final amended version of the PSR properly calculated her points. *See* Dkt. No. 47. Mr. Aldredge cannot be deficient for failing to press a meritless point. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990); *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue").

**B. The Guilty Plea Hearing**

Williams also contends that there is an "incorrect factual basis" for her guilty plea because, during her guilty plea hearing, Judge Lane incorrectly stated that Williams was pleading guilty to "four cases," when she was pleading guilty only to one case. Dkt. No. 59 at p. 6. This is a misinterpretation of the hearing transcript.

On February 14, 2017, Judge Lane conducted a guilty plea hearing in which Williams and three other defendants came before Judge Lane to plead guilty in each of their respective cases. Tr. of Rearraignment Hearing, Dkt. No. 49. During certain portions of the hearing, Judge Lane addressed his statements and questions to all of the defendants collectively, while in other portions of the hearing, Judge Lane directed his statements and questions to each defendant individually. For example, Judge Lane addressed Williams individually to ask if she understood that she was pleading guilty "to count one of the indictment," and then proceeded to read the charge of escape to which she was pleading guilty. *See* Dkt. No. 49 at p. 10-11. Judge Lane further informed Williams of the maximum statutory range of punishment for the offense, and she averred that she fully understood the charge against her. *Id.* at p. 11. Judge Lane then proceeded to address the other three defendants individually and explained the charges to which each of them pled guilty.

At the end of the hearing, Judge Lane directed his statements to all four defendants collectively and stated: "And, lastly, in all four of your cases I'm going to find that there's a factual basis or an independent reason to believe that you're guilty of the offense to which you have pled." *Id.* at 28-29. Clearly, this portion of the guilty plea hearing was directed to all four of the defendants, not just Williams. Accordingly, Williams has taken Judge Lane's words out of context, and her claim that Judge Lane incorrectly stated on the record that she was pleading guilty to "four cases" is entirely baseless.

Because all of Williams' claims are meritless, her § 2255 Motion to Vacate must be denied.

**C. Requests for Hearing and Appointment of Counsel**

In addition to her § 2255 Motion, Williams also has filed two "Motions for Bench Warrants" asking that she be brought before the Court for a Hearing on her Motion to Vacate. A district court may deny an evidentiary hearing "if the motion, files, and records of the case conclusively show

6

that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam). Williams is not entitled to a hearing in this case because the motion, files, and record conclusively show that she is not entitled to relief. Accordingly, Williams' Motions for Bench Warrant/Motions for Hearing (Dkt. Nos. 63 and 73) are **DENIED**.

Williams also has filed a Motion for Appointment of Counsel. A petitioner has no constitutional right to the appointment of counsel in connection with a post-conviction motion pursuant to § 2255. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The Court, however, has discretion to appoint counsel to a "financially eligible person" seeking relief under § 2255 when "the interests of justice so require." 18 U.S.C. § 3006A. In the present case, the motion, files, and records conclusively show that Williams is not entitled to relief. Accordingly, the interests of justice do not require appointment of counsel and Williams' Motion for Appointment of Counsel (Dkt. No. 70) is **DENIED**.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Majesti Williams' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. No. 59).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written

7

objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 22, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE